UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARCEL CLARK, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-00006-SRC |
| | ) | |
| ZACHARY BOROWIAK, | ) | |
| | ) | |
| Defendant(s). | ) | |

### Memorandum and Order

Plaintiff Marcel Clark (no relation to the undersigned) seeks leave to commence this civil action without prepayment of the required filing fee. Doc. 3. Having reviewed the motion, the Court finds that Clark lacks sufficient funds to pay the entire filing fee and assesses an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court dismisses Clark's complaint with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis must pay the full filing fee. If the prisoner has insufficient funds in his prison account to pay the whole fee, the Court must assess and, when funds exist, collect, an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-months. After payment of the initial partial filing fee, the prisoner must make monthly payments of 20 percent of the preceding-month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner forwards these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Clark has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court requires plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that, when a prisoner cannot provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Clark is unable to pay the initial partial filing fee, he must notify the Court and submit a copy of his inmate account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371,

372–73 (8th Cir. 2016) (stating that the court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Representing himself, pretrial detainee Clark filed a complaint on a Court-provided employment-discrimination form. Because Clark appears to be alleging constitutionally deficient legal representation—and because the facts allege do not concern employment whatsoever—the Court construes the complaint as arising under 42 U.S.C. § 1983. Clark names attorney Zachary Borowiak as the sole defendant and does not indicate the capacity in which Borowiak is sued. Doc. 1 at p. 2.

The complaint makes allegations regarding Borowiak's legal representation in Clark's state criminal cases: *State of Missouri v. Clark*, No. 20SL-CR00985 (21st Jud. Cir., St. Louis County) and *State of Missouri v. Clark*, No. 20SL-CR00985-01 (21st Jud. Cir., St. Louis County).[1] Doc. 1 at 5–6. Clark asserts that Borowiak became his attorney in "early 2020," and remains his attorney to this day.[2] *Id.* at p. 5. During this time, Clark alleges that Borowiak "has not filed one motion," has not adequately represented, defended, or advocated for him, and that Borowiak has "told plaintiff that no one will say or do anything," even if Clark complains. *Id.*

More specifically, Clark states that Borowiak has refused to give him his "discovery package," but has only provided copies of police reports, "as if hiding something." *Id.* at p. 6. He further asserts that Borowiak has allowed his case to go through "no less" than six judges, seven prosecutors, "several grand jury hearings, countless preliminary hearings," and several settlement conferences. *Id.* Clark also accuses Borowiak of allowing a preliminary hearing to be "held over the phone via conference call," and states that over the course of two years, he and Borowiak have never "been in [the] same courtroom or Web X screen together." *Id.* Based on alleged deficiencies in Borowiak's representation, Clark seeks unspecified monetary relief. *Id.* at p. 7. He also asks the Court to "look into" Borowiak's "legal dealings." *Id.*

## Discussion

The Court has reviewed Clark's complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court dismisses this action with prejudice for failure to state a claim upon which relief can be granted.

---

[1] The Court reviewed these cases on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that a district court may take judicial notice of public records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating courts "may take judicial notice of judicial opinions and public records").

[2] Borowiak entered his appearance in Clark's criminal cases on April 15, 2020, pursuant to Mo. Rev. Stat. §§ 600.011(1), 600.042.5(1). These sections authorize the state public defender to hire private attorneys.

4

As noted, the Court construes this case as arising under 42 U.S.C. § 1983.  "The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right."  *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020).  "Generally speaking, a public employee acts under color of law when he exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *Johnson v. Phillips*, 664 F.3d 232, 239–40 (8th Cir. 2011).

On the first element, a defense attorney, whether appointed or retained, does not act under color of state law, and thus cannot be liable when acting as a defense attorney for an alleged deprivation of constitutional rights under 42 U.S.C. § 1983.  *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ( "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"); *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990) (stating that the Eighth Circuit "has repeatedly held that both retained and appointed attorneys are not liable for deprivations of constitutional rights under 42 U.S.C. § 1983 for the reason that they do not act under color of state law"); *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) ("Public defenders do not act under color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel").

In this case, the only defendant is Clark's appointed attorney.  Clark's allegations regard the actions he claims Borowiak has taken—or failed to take—while performing the traditional functions of defense counsel.  Clark has accused Borowiak of not filing motions, of not

5

providing Clark complete discovery, and of generally failing to "adequately" represent, defend, and advocate on Clark's behalf.  As the cases cited above demonstrate, an attorney, whether appointed or retained, does not act under color of state law for purposes of 42 U.S.C. § 1983 when performing these functions.  Because Clark fails to allege any state action, an essential element of a § 1983 claim, the Court dismisses Clark's complaint.

## Conclusion

Accordingly, the Court grants plaintiff's [3] motion for leave to proceed in forma pauperis and orders plaintiff to pay an initial partial filing fee of $1.00 no later than April 29, 2022.  Plaintiff must make his remittance payable to "Clerk, United States District Court," and include on it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

The Court dismisses this action with prejudice, *see* 28 U.S.C. § 1915(e)(2)(B), certifies that an appeal from this dismissal would not be taken in good faith, and denies as moot plaintiff's [2] motion for appointment of counsel.  A separate order of dismissal accompanies this order.

So Ordered this 30th day of March 2022.

*/s/ SLR. CC*
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE